UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Todd Michael Sowell, # 238581, | ) | **C/A No. 9:10-0751-HFF-BM** |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Anthony J. Padula, Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

The petitioner is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections (SCDC), serving a twenty-year sentence for first-degree burglary. His conviction was entered in the Court of General Sessions for Richland County on March 16, 2007, pursuant to a jury's verdict. The petitioner's conviction and sentence were affirmed on direct appeal by the South Carolina Court of Appeals on January 15, 2009:

> **PER CURIAM:** Todd Michael Sowell appeals his conviction for first-degree burglary and twenty-year sentence. Sowell's counsel maintains the trial court erred by failing to direct a verdict. Sowell also filed a pro se brief asserting various arguments. After a thorough review of the record and counsel's brief pursuant to Anders v. California, 386 U.S. 738 (1967), and State v. Williams, 305 S.C. 116, 406 S.E.2d 357 (1991), we dismiss the appeal and grant counsel's motion to be relieved.
>
> **APPEAL DISMISSED.**
>
> **HUFF, THOMAS, and LOCKEMY, JJ., concur.**



1

*State v. Sowell*, Opinion No. 2009-UP-040 (S.C.Ct.App., Jan. 15, 2009). The petitioner's answer to Question 9(g) indicates that he appealed to the Supreme Court of South Carolina, but the Supreme Court of South Carolina no longer entertains petitions for writ of certiorari after *Anders* review by the Court of Appeals. The Supreme Court of South Carolina denied review on April 6, 2009.

The petitioner has also filed an application for post-conviction relief (Case No. 2009-CP-40-2686). *See* the petitioner's answers to Question 11 and Question 15. The petitioner states that he has raised Double Jeopardy, ineffective assistance of counsel, and prosecutorial misconduct in the pending post-conviction case. *See* the petitioner's answer to Question 15. According to the Public Index for the Richland County Clerk of Court website (accessed via a link on the South Carolina Judicial Department website), the post-conviction case — which was filed on April 13, 2009 — is still pending.[1]

Although the petitioner raises two enumerated grounds in the petition, he actually raises only one (1) ground: Double Jeopardy. The petitioner states: "Petitioner already pled guilty to the lesser included offenses of Burglary 1st degree, under the same fact situations, which would be CDV; and MIRP." In Ground II, the petitioner writes: "Petitioner does not want this petition to become mixed with exhausted and unexhausted claims, but will state all further grounds in #15 so as not to default or be barred from a successive petition."

---

[1]This federal court may take judicial notice of factual information located in postings on governmental websites in the United States. *See In Re Katrina Canal Breaches Consolidated Litigation*, 533 F. Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); and *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As the petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).

However, even when considered under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

With respect to his conviction and sentence, the petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



3

sought only after the petitioner has exhausted his state court remedies. *Beard v. Green*, 523 U.S. 371, 375 (1998) ["It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted."] (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986) (exhaustion required under § 2241). Since the petitioner has raised Double Jeopardy as a claim in his pending post-conviction case, it is clear that the issue of Double Jeopardy is not exhausted.

The exhaustion requirements under § 2254 are fully set forth in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts....
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

*Matthews v. Evatt*, 105 F.3d at 910-911 (citations omitted from quotation). Further, exhaustion of state court remedies is required by 28 U.S.C. § 2254(b)(1)(A).

Although the petitioner's direct appeal has been decided, a direct appeal is only the first step taken by a recently-convicted South Carolina prisoner to exhaust his or her state court



4

remedies. *State v. Northcutt*, 372 S.C. 207, 641 S.E.2d 873 (2007). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy; *see Miller v. Harvey*, 566 F.2d 879, 880-881 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-1173 (4th Cir. 1977); and the petitioner's application for post-conviction relief (Case No. 2009-CP-40-2686) is still pending. *See* S.C. Code Ann. § 17-27-10, *et seq.*

      If a petitioner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he can file an "appeal" (petition for writ of certiorari) in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985).[3] In fact, South Carolina prisoners have been successful on such appeals in their post-conviction cases. *See, e.g., Davie v. State*, 381 S.C. 601, 675 S.E.2d 416 (2009) (ineffectiveness from failure to communicate proposed plea deal: "Based on the foregoing, we find that counsel was deficient in failing to communicate the State's fifteen-year plea offer to Petitioner. Given that both Petitioner and plea counsel testified Petitioner would have accepted the fifteen-year offer, an offer that was twelve years less than what Petitioner received, we conclude Petitioner has proven that he was prejudiced by counsel's deficient performance."); *Lounds v. State*, 380 S.C. 454, 670 S.E.2d 646 (2008) (finding that trial counsel ineffective); *Robinson v. State*, 380 S.C. 201, 669 S.E.2d 588 (2008); *Lomax v. State*, 379 S.C. 93, 665 S.E.2d 164 (2008); *Miller v. State*, 379 S.C.

---

[3]The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for certiorari in post-conviction cases upon referral from the Supreme Court of South Carolina. *See* Supreme Court Order 2005-08 (C.O. 08 effective May 1, 2005), Shearouse Advance Sheet # 19; and *Dunlap v. State*, 371 S.C. 585, 641 S.E.2d 431 (2007) ("In appeals from criminal convictions **or post-conviction relief matters**, a litigant is not required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.")(emphasis in original).



108, 665 S.E.2d 596 (2008); *McKnight v. State*, 378 S.C. 33, 661 S.E.2d 354, 358-63 (2008); *Lowry v. State*, 376 S.C. 499, 510-11, 657 S.E.2d 760, 766 (2008) ("Because the unconstitutional jury instruction did not constitute harmless error in Petitioner's murder conviction, we find that there is a reasonable probability that, but for counsel's failure to object to the unconstitutional jury instruction, the outcome of the trial would have been different."); *Staggs v. State*, 372 S.C. 549, 643 S.E.2d 690 (2007) (post-conviction relief granted on grounds of trial counsel's actual conflict of interest from representing members of same family; new trial ordered); *Custodio v. State*, 373 S.C. 4, 644 S.E.2d 36 (2007) (post-conviction relief granted on issue of enforcement of plea agreement); *Morris v. State*, 371 S.C. 278, 639 S.E.2d 53 (2006) (on issue of ineffective assistance of counsel); *Riddle v. Ozmint*, 369 S.C. 39, 631 S.E.2d 70 (2006); *Stevens v. State*, 365 S.C. 309, 617 S.E.2d 366 (2005); and *Vaughn v. State*, 362 S.C. 163, 607 S.E.2d 72, 73-76 (2004).

   In sum, the petitioner has two viable state court remedies — a pending application for post-conviction and, if necessary, an appeal (petition for writ of certiorari) in the post-conviction case. Hence, this federal district court should not keep the above-captioned case on its docket. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981)["When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."]; *see also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."



## Recommendation

Accordingly, it is recommended that this § 2254 petition be dismissed *without prejudice* and without requiring the respondent to file an answer or return. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 U.S.Dist. LEXIS 4614, *2-*3, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

The petitioner's attention is directed to the important notice on the next page.

April 1
March ____, 2010
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge

7

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

