

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| TODD MICHAEL SOWELL, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 9:10-751-HFF-BM |
| | § | |
| ANTHONY J. PADULA, | § | |
| Respondent. | § | |

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the § 2254 petition be dismissed without prejudice and without requiring Respondent to file an answer or return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 2, 2010, and the Clerk of Court entered Petitioner's objections to the Report on April 9, 2010.

In the Report, the Magistrate Judge noted that Petitioner's state post-conviction relief action (PCR) is still pending. The Magistrate Judge also noted that Petitioner raises the same issue, double jeopardy, both in his PCR and in his federal habeas petition. Specifically, Petitioner alleges that his conviction for burglary violated the Double Jeopardy Clause because he was previously convicted in magistrate's court on the same facts that led to the burglary charge. The Magistrate Judge recommended dismissal so that Petitioner may first exhaust his state remedies.

In his Objections, Petitioner contends that he is not required to exhaust his state court remedies because he has asserted a claim of double jeopardy. Petitioner relies on a decision from the Ninth Circuit Court of Appeals which states,

> we are convinced that a petitioner in state custody can only be assured freedom from double jeopardy by giving him access to habeas review prior to a second trial. We therefore hold that pretrial habeas corpus review is appropriate in those cases where, as here, all other state remedies were exhausted.

*Hartley v. Neely*, 701 F.2d 780, 781 (9th Cir. 1983). *Hartley* dealt with a petitioner who was seeking *pre-trial* habeas relief. The trial court granted a mistrial in his first trial, but the state sought to re-try him again on the same charges. *Id.* Prior to his second trial, he moved to dismiss the indictment, and the trial court denied that motion. *Id.* Hartley then pursued his double jeopardy claim all the way to the state supreme court, which denied his petition for review. *Id.* Unlike Hartley, Petitioner is not asserting a pre-trial double jeopardy claim. Instead, he is asserting a post-trial double jeopardy claim based on his challenged conviction. Petitioner is not faced with an imminent second trial should the Court fail to act on his habeas petition. Thus, his reliance on *Hartley* is misplaced.

Petitioner also cites the *Gilliam* decision, but that case involved facts and reasoning similar to *Hartley* in that the court in that case was intervening to prevent a second trial. *See Gilliam v.*

*Foster*, 61 F.3d 1070, 1081 (4th Cir. 1995) ("[T]he right conferred by the Double Jeopardy Clause cannot fully be vindicated by post-conviction relief because it is a prohibition not only of multiple punishments, but also of multiple trials."). Again, in this case, Petitioner is not facing a second trial, but instead he contends that his state court conviction violated the Double Jeopardy Clause. That claim is currently being considered by the state court in Petitioner's PCR. Petitioner fails to cite any authority that would support this Court's interference with ongoing state habeas proceedings under these circumstances.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, finding them to be without merit, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the § 2254 petition be **DISMISSED** *without prejudice* and without requiring Respondent to file an answer or return. In light of this dismissal, Petitioner's pending motion to appoint counsel is **DISMISSED**.

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 12th day of April, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.